The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 10:58 AM October 7, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 12 |
| | ) | |
| SAMUEL L. YEATER AND | ) | CASE NO. 21-60861 |
| MARJORIE L. YEATER, | ) | |
| | ) | RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On September 14, 2021, Debtors sought to employ Real Estate Showcase Auction Company, LLC ("RESA") to auction real property. No objections were filed. For the reasons set forth below, the court cannot approve the application.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core matter under 28 U.S.C. § 157(b)(2)(A) and the court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

**DISCUSSION**

Debtors filed a chapter 12 case on June 20, 2021 and continue to operate their farm as debtors-in-possession. One of their assets is a 40 acre parcel of land in Ashland County, Ohio to be sold by public auction. They seek to employ Andrew White of RESA as the auctioneer and propose to pay him a 10% buyer's premium to cover his commission and expenses.

Pursuant to 11 U.S.C. §§ 1203 and 327(a), a debtor-in-possession can hire professionals, including auctioneers, to assist in administration of the estate. Professionals are entitled to compensation "on any reasonable terms and conditions of employment, including on a retainer; on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Under § 330(a)(1), the court is instructed to award:

> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

The applicant bears the burden of proof that a fee request is reasonable. In re Kieffer, 306 B.R. 197, 206 (Bankr. N.D. Ohio 2004) (citing In re Mansfield Tire & Rubber Co., 65 B.R. 446, 455 (Bankr. N.D. Ohio 1986)).

"The customary compensation charged by comparably skilled practitioners in cases other than cases under this title" is one consideration for determining reasonableness. 11 U.S.C. § 330(a)(3)(F). "The unambiguous policy inspiring § 330(a), expressed most clearly in the House Report accompanying House Bill 8200, H.R. 8200, 95th Cong., 1st Sess. (1977), is that professionals and paraprofessionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts." In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 849 (3rd Cir. 1994) (citing H.R.REP. No. 595, 95th Cong., 1st Sess. 330 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6286.22) (footnote omitted). Thus, courts often look at the market rates for non-bankruptcy professionals. In re Hosp. Partners of Am., Inc., 597 B.R. 763 (Bankr. D. Del. 2019) (finding accountants' services were performed at market rates); In re Comput. Learning Ctrs., Inc., 285 B.R. 191 (Bankr. E.D. Va. 2002) (using prevailing market rates in the relevant community). Applicant must therefore show the fee request is customary for the auction industry in this area.

Based on the court's knowledge and experience, the compensation scheme proposed is not customary. While buyer's premiums are not uncommon, the structure of this buyer's premium is unconventional. It creates a sliding fee, not a straight commission, based on the amount of expenses incurred. If the auction results are poor, and expenses are high, the compensation paid to RESA may be unreasonably low. If the auction brings a higher than expected amount, and expenses are low, RESA's fee may exceed a typical fee. "While the sense

2

of Congress was certainly to bring professionals up to rates charged by non-bankruptcy professionals for comparable services, it is questionable whether they intended to go any further. *See* In re Gulf Consol. Servs., Inc., 91 B.R. 414, 418 (Bankr. S.D. Tex.1988) (suggesting that Congress' interest in paying a reasonable fee extended not only to "not paying too little" but also to "not paying too much"))." In re El Paso Refinery, LP, 257 B.R. 809, 827 (Bankr. W.D. Tex. 2000) (discussing fee enhancements).

The court is aware that there are courts, including at least one in this district, that allow 10% commissions on real estate auctions. Positech Int'l, Inc. v. Caprehart (In re Positech Int'l, Inc.), 2021 WL 1031598 (Bankr. N.D.W.V. 2021); Johnson v. Schwartz (In re Johnson), 2019 WL 6125176 (Bankr. S.D. Ind. 2019); Siddiqui v. Gardner (In re Williamson), 327 B.R. 578 (Bankr. E.D. Va. 2005); In re Peters, Case No. 19-33827, ECF No. 27 (Bankr. N.D. Ohio). And this court has approved 10% commissions for personal property auctions. Since RESA wants 10%, and expenses are included, there is an argument its request is reasonable. But this ignores courts routinely approving lower commissions, including courts in this district. In re Allard, 2019 WL 4593854 (Bankr. S.D.N.Y. 2019) (not for publication) (6%); In re Al Amin Plaza, LLC, 2018 WL 1737124 (Bankr. S.D.N.Y. 2018) (not for publication) (5%); In re Ramirez, 2017 WL 1683049 (Bankr. S.D.N.Y. 2017) (5%); Barnard v. The Town of Huntington (In re Joe's Friendly Service & Son, Inc., 553 B.R. 207 (Bankr. E.D.N.Y. 2016) (4% on a multi-million dollar sale); In re White, Case No. 20-51449, ECF No. 21 (Bankr. N.D. Ohio) (7%); In re Armstrong, Case No. 19-41375 (Bankr. N.D. Ohio) (6% with a $1,000 minimum). The latter are more in line with customary real estate commissions and what the court deems reasonable.

Another consequential concern is that the proposed compensation structure incentivizes RESA to keep expenses low in order to maximize RESA's net profit. Stinginess in expense expenditures can easily have a deleterious impact on an auction outcome. For example, less advertising may result in fewer bidders, or not reaching the optimal group of bidders. It could mean less labor or personnel available before and during the auction to facilitate a smooth auction process. Under a myriad of scenarios, spending less can negatively impact an auction outcome.

Finally, the Bankruptcy Code clearly states that a professional is entitled to reimbursement of "actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). Including expenses as part of a straight commission scheme obviates review of whether the expenses were actually incurred and necessary.

RESA has not met its burden of proof that the proposed compensation scheme is customary or reasonable. The court will not approve the terms set forth in the application to employ. An order will be entered immediately reflecting this decision.

#    #    #

**Service List:**

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718

Real Estate Showcase Auction Company LLC
Attn: Andrew R. White
1197 Glen Drive, Suite F
Millersburg, Ohio 44654

Erin R. Kick
KICK & GILMAN
133 South Market Street
Loudonville, OH 44842